PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

# United States District Court

District: Massachusetts

Name: Edward A. Given

Prisoner No.: M-15113

Case No.:

Place of Confinement: Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

Name of Petitioner (include name under which convicted): Edward A. Given

V.

Name of Respondent (authorized person having custody of petitioner): Robert Murphy, Superintendent

MAGISTRATE JUDGE _____

The Attorney General of the State of: Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack

   Worcester Superior Court, 2 Main St. Worcester, MA 01608

2. Date of judgment of conviction  July 12, 2001

3. Length of sentence  A day to life.

4. Nature of offense involved (all counts)  The petitioner was adjudged to be a sexually dangerous person, and civilly committed to the Massachusetts Treatment Center for day to life, pursuant to G.L. c. 123A.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Massachusetts Appeals Court__

   (b) Result __The judgment of the Superior Court was reversed and new trial was ordered.__

   (c) Date of result and citation, if known __September 24, 2003  59 Mass. App. Ct. 390, 796 N.E. 845__

   (d) Grounds raised __The inadmissibility of hearsay evidence contained in a police report and failure to define "likely to engage in sexual offenses" as in Kansas v. Crane, 534 U.S. 407, 413 (2002), to distinguish the petitioner from the dangerous but typical recidivist in a criminal case.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __The District Attorney sought further appellate review in the Supreme Judical Court of Massachusetts.__

   (2) Result __The decision of the Massachusetts Appeals Court was reversed and the judgment of commitment by the Superior Court was affirmed.__

   (3) Date of result and citation, if known __May 20, 2004, 441 Mass. 741, 808 N.E.2d 788__

   (4) Grounds raised __admission of unreliable evidence including hearsay evidence in violation of the petitioner's right to due process of law, including the right to confrontation and cross examination.__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __The United States Supreme Court.__

   (2) Result __Petition for certiorari denied.__

   (3) Date of result and citation, if known __October 18, 2004, 160 L.Ed.2d 264__

   (4) Grounds raised __whether the petitioner facing lifetime civil commitment has a due process right to confrontation and cross examination of witnesses against the petitioner.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

AO 241 (Rev. 5/85)

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
 Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
 Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
 (1) First petition, etc.     Yes ☐    No ☐
 (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
 Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedin Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you m have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. T petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of t nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable t the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: The judgment of commitment was obtained by the introduction of unreliable hearsay evidence in violation of the petitioner's rght to due process of law, including the right to confront and cross examine witnessess against him.
Supporting FACTS (state *briefly* without citing cases or law) Please see attached.

B. Ground two: The judgment of commitment was obtained with unconstitutionally vague and overly broad definition of "likely to engage in sexual offenses" in violation of the petitioners right to due process of law.
Supporting FACTS (state *briefly* without citing cases or law) Please see attached.

AO 241 (Rev. 5/85)

   C.    Ground three: _____

       Supporting FACTS (state *briefly* without citing cases or law) _____

   D.    Ground four: _____

       Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

4. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐    No ☐

5. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a)    At preliminary hearing _____

   (b)    At arraignment and plea _____

AO 241 (Rev. 5/85)

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post–conviction proceeding _____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☐       No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐       No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐       No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__7-12-05__
   (date)

_Edward [signature]_____
Signature of Petitioner

(7)

Attachment to the Petition for Writ
Habeas Corpus of Edward A. Given

12. Concise Statment of Grounds.

   A. Ground One:

   The judgment of commitment was obtained by the introduction of unreliable hearsay evidence in violation of the petitioner's right to due process of law, including the right to confront and cross exam witnesses against him.

   Supporting Facts:

   In November, 2000, the Commonwealth commenced proceedings to commit the petitioner as a sexually dangerous person for an indefinite period of one day to life, as provided by M.G.L. c. 123A, §§ 12-16. The case was tried to a jury in the Superior Court at Worcester.

   At trial the Commonwealth introduced evidence that the petitioner had been convicted of sexually assaulting a mentally retarded twelve year old girl, "Francine." (A pseudonym used in both the Massachusetts Appeals Court and Supreme Judicial Court opinions.) Over objection, the Commonwealth was allowed to introduce police reports concerning the incident, including allegation that Francine had told the police that the petitioner had similarly assaulted a six year old boy at or near the same time, in the same parked car.

   The jury found beyond a reasonable doubt that the petitioner is a "sexaully dangerous person," and the trial court committed the petitioner to indefinite term of a day to life in the Massa-chusetts Treatment Center, pursant to G.L. c. 123A, § 14(d).

   The petitioner has never admitted that there was six year old boy present when the offense against Francine ocurred.

2

The petitioner has never admitted that he committed any offense against the six year old boy. The petitioner has never been charged with any offense against the six year old boy, much less convicted of any offense against this unidentified six year old boy.

The only information, that any one has about the alleged offense against the six year old boy, comes from what the police officer wrote down in the report, based on what Francine said the unidentified six year old boy said.

This unreliable hearsay evidence supports an inference that petitioner was actively seeking victims beyond those who were known to him and enhances a portrayal of him as a predator who was out of control and not likely to be able to control his behavior outside of a secure facility. The setting of the alleged incident was one in which he was essentially portrayed as assaulting two victims of different genders and markedly different ages more or less simultaneously, a picture that had a high potential of influencing the jury's assessment of his ability to control his future conduct.

The introduction of these police reports over the petitioner's objection, afforded the petitioner no opportunity to confront and cross examine: the police officer, Francine, or the unidentified boy.

Under clearly estblished precedents of the U.S. Supreme Court the petition must not be committed using unreliable evidence, and the right to confront and crossexamine witnesses against him, as guaranteed by the Fifth and Fourteenth Amendment's right to due process.

3

B. Ground Two:

The judgment of commitment was obtained by an unconstitutionally vague and overbroad definition of sexual dangerousness.

Supporting Facts:

At the conclusion of evidence the petitioner submitted a request that the judge instruct the jury that in the context of the SDP statute the definition of likely meant certainty of future to engage in sexual offenses. The judge gave no instruction to jury on the meaning of likely as the word is used in the definition of a "sexually dangerous person" in G.L. c. 123A, § 1. the relevant portion of which is:

> "'Sexually dangerous person,' any person who has been (i) convicted of...a sexual offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in sexual offenses if not confined to a secure facility...." (underlining added).

Without an appropriate definition of likely, neither the statute nor the judge's instructions provided a way for the jury to distinguish whether the petitioner was a dangerous sexual offender properly subject to civil commitment or just a dangerous but typical recidivist more properly dealt with through criminal proceedings.

It is a violation of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution to use civil commitment as a mechanism for retribution or general deterence. If the definition of mental abnormality is too imprecise a category to offer a solid basis for concluding that civil commitment is justified, then it is unconstitutionally vague and overbroad, in violation of the petitioner's right to due process. At the present time 10% of all males in the United

4

States will be incarcerated under a criminal sentence at some point in their lives.  Of persons incarcerated in Massachusetts the Department of Correction says 50 to 60% will reoffend with three years of being released from prison.  In defining whether the peitioner should be considered sexually dangerous the definition must be sufficiently precise to distinguish the petitioner from the 10% of all U.S. males who will be incarcerated for criminal offenses during their life, and from the 60% of incarcerated offenders, who are dangerous and will reoffend.  Without a definition of "likely" to reoffend that distinguishes the petitioner from other persons with histories of past dangerous criminal conduct which makes them quite likely to reoffend, the statute becomes nothing more than an mechanism for general deterence.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Edward A. Given, Petitioner
v. Robert Murphy, Superintendent, Respondent.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   __ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   X  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.    150, 152, 153.

   05-11663 NMG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                     YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                     YES     (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                     YES     (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                     YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                     (YES)   NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)        CENTRAL DIVISION          WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Edward A. Given, Pro Se
ADDRESS           30 Administration Rd., Bridgewater, MA 02324
TELEPHONE NO.

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for t of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Edward A. Given, Petitioner

## DEFENDANTS

Robert Murphy, Superintendent, Respondent

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edward A. Given, Pro Se
30 Administration Rd.
Bridgewater, MA 02324

ATTORNEYS (IF KNOWN)

Mary Murray, Esq.
DOC Legal
30 Administration Rd.
Bridgewater, MA 02324

## II. BASIS OF JURISDICTION

☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

Citizen of This State: PTF ☒1  DEF ☒1

## IV. NATURE OF SUIT

(Habeas Corpus: ☒ 530 General)

## V. ORIGIN

☒ Original Proceeding

## VI. CAUSE OF ACTION

Petition for habeas corpus, pursuant to 28 U.S.C. § 2254

## VII. REQUESTED IN COMPLAINT:

JURY DEMAND: ☒ NO

DATE: 8/3/04

SIGNATURE OF ATTORNEY OF RECORD: Edward [signature]