# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EDWARD A. GIVEN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-11663-NMG** |
| ) | |
| **ROBERT MURPHY,** ) | |
| ) | |
| **Respondent.** ) | |

## RESPONDENT ROBERT MURPHY'S MOTION TO DISMISS <u>PETITION FOR WRIT OF HABEAS CORPUS</u>

Respondent Robert Murphy hereby moves that this petition for a writ of habeas corpus be dismissed because (i) the Court lacks subject-matter jurisdiction to adjudicate Petitioner Edward A. Given's claims, as he is not "in custody" pursuant to the judgment he challenges in his petition; and (ii) Given's petition fails to present a justiciable Article III case or controversy.

Given's petition challenges his initial civil commitment as a "sexually dangerous person" pursuant to Mass. Gen. Laws c. 123A based on several alleged constitutional errors at his 2001 initial commitment hearing. Under Massachusetts law, an individual committed under Mass. Gen. Laws c. 123A may petition for discharge "once in every twelve months." Mass. Gen. Laws. c. 123A, § 9. Subsequent to his initial commitment in 2001, Given exercised his right for a discharge hearing, and was again adjudicated as a "sexually dangerous person" under the statute in 2004.[1] As a result, he is not "in custody" pursuant to the 2001 judgment he challenges in his petition, and therefore, the Court lacks subject-matter jurisdiction to adjudicate his claims.

---

[1] Given filed another petition for discharge under Mass. Gen. Laws c. 123A, § 9 in May 2005. That petition remains pending as of the date of this motion.

*See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).  In addition, Given's petition fails to satisfy either the "causation" or "redressability" requirements necessary to establish Article III standing, and thus, does not present a justiciable Article III case or controversy.  For either or both of these reason, Given's petition should be dismissed.

In support of this motion, Respondent submits the accompanying memorandum of law.

WHEREFORE, Respondent Robert Murphy respectfully requests that the Court dismiss this petition for a writ of habeas corpus because the petitioner is not "in custody" pursuant to the judgment he challenges in his petition, and/or because the petition does not present a justiciable Article III case or controversy.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Respondent submits that the Court's ruling on this Motion will be aided by oral argument, and accordingly requests an opportunity to present such argument to the Court.

Respectfully submitted,

ROBERT MURPHY,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


 /s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833

Dated:  January 20, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I telephoned David B. Hirsch, counsel for Petitioner Edward A. Given in this matter, on January 19, 2006, to attempt to resolve or narrow the issues presented by this motion. At the time this motion was filed, I had not received a return phone call.

/s/ Scott A. Katz
Scott A. Katz

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that a true copy of the above document was also served upon David B. Hirsch, counsel for petitioner Edward A. Given in this matter, by first-class mail, postage prepaid, on January 20, 2006.

/s/ Scott A. Katz
Scott A. Katz