UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
EDWARD A. GIVEN,                              )
                                              )
    Petitioner,                                )
                                              )
v.                                            )    Civil Action No. 05-11663-NMG
                                              )
ROBERT MURPHY,                                )
                                              )
    Respondent.                                )
_____)

### RESPONDENT ROBERT MURPHY'S ANSWER

       Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent Robert Murphy hereby answers the numbered paragraphs of Petitioner Edward A. Given's petition for a writ of habeas corpus as follows:

       1.     Respondent admits that the petitioner is in custody pursuant to a judgment of the Worcester Superior Court. Answering further, Respondent notes that the judgment at issue is a civil commitment, not a criminal conviction.

       2.     Respondent admits that the judgment challenged by the petitioner was entered on July 12, 2001. Answering further, Respondent again notes that the judgment at issue is a civil commitment, not a criminal conviction.

       3.     Respondent admits that the petitioner has been civilly committed for an indeterminate term of one day to life. Answering further, Respondent notes that the petitioner's term of commitment is not a criminal sentence, but rather, a term of civil commitment.

       4.     Admitted.

5. Respondent admits that the petitioner did not admit to being a sexually dangerous person. Answering further, Respondent notes that the petitioner's allegation of "not guilty" is the closest approximation available on the form filed by the petitioner—as the form is generally used by individuals challenging criminal convictions.

6. Admitted.

7. Admitted.

8. Admitted.

9. (a) Admitted.

    (b) Admitted.

    (c) Admitted. Further answering, Respondent states that the citation for the decision of the Massachusetts Appeals Court is *Commonwealth v. Given*, 59 Mass. App. Ct. 390, 796 N.E.2d 845 (2003), and that a copy of this decision is attached as Exhibit E to Respondent Robert Murphy's Supplemental Answer, filed manually pursuant to Local Rule 5.4(g)(1)(e).

    (d) Denied. Further answering, Respondent states that the petitioner's briefs to the Massachusetts Appeals Court, attached as Exhibits B and C to Respondent Robert Murphy's Supplemental Answer, speak for themselves as to the grounds raised on appeal.

    (e)(1) Admitted.

       (2) Admitted.

       (3) Admitted. Further answering, Respondent states that the citation for the decision of the Massachusetts Supreme Judicial Court is *Commonwealth v. Given*, 441 Mass. 741, 808 N.E.2d 788 (2004), and that a copy of this

        decision is attached as Exhibit L to Respondent Robert Murphy's Supplemental Answer.

    (4) Denied. Further answering, Respondent states that the petitioner's brief to the Massachusetts Supreme Judicial Court, attached as Exhibit J to Respondent Robert Murphy's Supplemental Answer, speaks for itself as to the grounds raised by the petitioner to that court.

(f) (1) Admitted.

    (2) Admitted.

    (3) Admitted.

    (4) Denied. Further answering, Respondent states that the petitioner's petition for a writ of certiorari to the United State Supreme Court speaks for itself as to the grounds raised to that court.

10. Admitted.

11. Paragraph 11 contains no allegations, and therefore no response is required.

12A. (Ground One). Paragraph 12A contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12A are denied. Further answering, Respondent states that the petitioner has failed to state a claim upon which relief can be granted.

    (a) Paragraph 12A(a) contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12A(a) are denied. Answering further, Respondent states that the transcripts of the petitioner's trial and documents filed in the state-

   court proceedings speak for themselves as to the testimony, evidence, arguments, and rulings in the state-court proceedings.

12B. (Ground Two). Paragraph 12B contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12B are denied. Further answering, Respondent states that the petitioner has failed to state a claim upon which relief can be granted.

 (a) Paragraph 12B(a) contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12B(a) are denied. Answering further, Respondent states that the transcripts of the petitioner's trial and documents filed in the state-court proceedings speak for themselves as to the testimony, evidence, arguments, and rulings in the state-court proceedings.

12C. (Ground Three). Paragraph 12C contains no allegations, and therefore no response is required.

12D. (Ground Four). Paragraph 12D contains no allegations, and therefore no response is required.

13. Paragraph 13 contains no allegations, and therefore no response is required.

14. Paragraph 14 contains no allegations, and therefore no response is required.

15. Paragraph 15 contains no allegations, and therefore no response is required.

16. Admitted.

17. Denied. Respondent states that, subsequent to the petitioner's initial commitment as a sexually dangerous person, he filed a petition for discharge pursuant to Mass. Gen. Laws c. 123A, § 9. After a jury trial, the petitioner was re-adjudicated as a

sexually dangerous person. Accordingly, Respondent submits that the petitioner must remain committed pursuant to the judgment even if his initial commitment is held invalid.

*   *   *   *   *

Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent states that the petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The information and/or materials required by Rule 5(c)-(d) and the Court's Order dated November 15, 2005 are contained in Respondent Robert Murphy's Supplemental Answer, filed manually pursuant to Local Rule 5.4(g)(1)(e).

### First Affirmative Defense

The petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determination underlying his purportedly federal constitutional claims.

### Fifth Affirmative Defense

The petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is independent of the federal question(s) the petitioner raises and adequate to support the judgment.

### Sixth Affirmative Defense

Habeas corpus relief cannot be granted because the petitioner did not fairly present the substance of all of his federal claims to the Massachusetts Supreme Judicial Court, as the exhaustion doctrine requires.  *See* 28 U.S.C. § 2254(b).

### Seventh Affirmative Defense

The petition should be denied to the extent that the petitioner's grounds for relief are premised solely on matters of state law.

### Eighth Affirmative Defense

The petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

Respondent respectfully reserves the right to amend or supplement this Answer and the Supplemental Answer in the future should that need arise.

                Respectfully submitted,

                ROBERT MURPHY,

                By his attorney,

                THOMAS F. REILLY
                ATTORNEY GENERAL

                /s/ Scott A. Katz
                Scott A. Katz (BBO # 655681)
                Assistant Attorney General
                Criminal Bureau
                One Ashburton Place
                Boston, Massachusetts  02108
                (617) 727-2200, ext. 2833

Dated:  September 1, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including David B. Hirsch, counsel for Petitioner Edward A. Given in this matter.

                /s/ Scott A. Katz
                Scott A. Katz